SAMUEL C. WEBBER & another *vs.* HENRY B. HOLMES
& another.

Franklin.    September 19, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Bill in Equity to restrain Foreclosure — Failure to effect Sale of Land.*

A., the grantee of land under a deed, made and delivered on or about May 11, 1896, gave a note, secured by a mortgage, for a portion of the purchase price, payable in instalments on November 1, annually, until paid, and B., the grantor, gave to C., a broker, in payment of a commission for his services in negotiating the sale of the land, a note, dated May 11, 1896, payable in instalments on November 1, annually, secured by a mortgage, and containing a provision that "if the sale of my farm to A. falls through before January 1st, 1897, then this note is to be void." A. refused to pay the first instalment on his note, due November 1, 1896, but B. paid C. the first instalment of his note, due at the same time, in April, 1897, at which time, as he testified, he hoped to get the money in arrears on A.'s note, and in May, 1897, A. having continued in possession under the deed and having paid nothing on the note, B. foreclosed his mortgage. *Held*, upon a bill in equity by B. to restrain C. from foreclosing his mortgage and collecting the note secured thereby, that the judge rightly refused to rule that the sale had fallen through, and that the bill was properly dismissed.

BILL IN EQUITY, filed December 3, 1898, to restrain the defendants from foreclosing a mortgage, and from collecting a note secured by the mortgage. Hearing in the Superior Court, before *Hardy,* J., who ordered the bill to be dismissed, and at the request of the plaintiffs reported the case for the determination of this court. If the refusal to give a certain ruling, which is stated in the opinion, was correct, judgment was to be entered upon the finding; if incorrect, such decree was to be entered as justice might require. The material facts appear in the opinion.

*D. Malone,* for the plaintiffs.

*H. J. Field,* for the defendants.

KNOWLTON, J. The plaintiffs, by their bill in equity, asked an injunction against the defendants to prevent the foreclosure of a mortgage and the collection of a note given by them to the defendants. The note was given in payment of a commission for services as brokers in selling the plaintiffs' real estate.

It bears date May 11, 1896, is for the sum of $400, is payable in instalments of fifty dollars each on the first day of November in each year, and contains a provision as follows: " If the sale of our farm to Grace H. Chapin falls through before January 1st, 1897, then this note is to be void." This suit is founded on the plaintiffs' contention that the sale fell through before January 1, 1897, and that the note became void. A deed of the plaintiffs' farm was made and delivered to Grace H. Chapin on or about May 11, 1896, $200 was then paid in cash towards the price, and the balance, $2,200, was paid by assuming a mortgage of $1,000 on the property and giving a note of $1,200, payable in instalments of $100 per year beginning on November 1, 1896, which was secured by a second mortgage. Said Chapin failed to pay the instalment of $100 which became due on November 1, 1896, although it was demanded. She at first asked for delay, but afterwards said she was unable to pay and refused payment. On April 7, 1897, the plaintiffs paid the defendants the fifty dollars which was overdue on the four hundred dollar note and $9.46 interest. They both testified that they then hoped to get the money in arrears on the Chapin note. Said Chapin continued in possession under her deed until about May 5, 1897, when the plaintiffs foreclosed the mortgage and bid in the property at the foreclosure sale, nothing having been paid upon the mortgage note. The plaintiffs asked the judge to rule that " If the payment agreed to be made by Grace H. Chapin was not made November 1st, 1896, or at any time after, the sale of the farm fell through and the plaintiffs are entitled to a decree." The judge refused so to rule, found that the note was given for a valuable consideration and was unpaid, and did not find that the sale had fallen through.

The only question presented is whether the judge was bound, as matter of law, to rule or find that the sale had fallen through. All that occurred on which to ask such a ruling was the refusal of Chapin to pay the first instalment due on the mortgage note which she gave to the plaintiffs, accompanied by a declaration that she was unable to pay it. If this would have warranted the plaintiffs in treating the sale as having fallen through within the meaning of the language in their note, and in cancel-

ling their claim against Chapin, and in accepting a reconveyance of the farm from her if she was willing to make it, which we do not decide, they did not avail themselves of their right as against the defendants so to treat it. They elected to treat the sale as effectual. They both testified that on April 7, 1897, they hoped to collect the overdue instalment on the Chapin note. They endeavored to enforce collection of the note by foreclosing the mortgage. They have either collected it in full by their foreclosure of the mortgage, or they have collected part of it and hold a claim for the balance as a personal debt of the mortgagor. It is not necessary to decide exactly what was meant by the words, "falls through before January 1st, 1897," used on May 11, 1896, in reference to a sale of land already consummated or just about to be consummated by the making of a deed and the payment of the purchase money in part in cash and in part by giving a note and mortgage. It is enough to say that they could not refer to a failure and refusal to pay the first instalment due, on the ground of inability, when the plaintiffs continued to insist on their legal right to have payment, and proceeded to enforce this right by a foreclosure of the mortgage many months afterwards, while recognizing their liability on their note to the defendants by making a payment upon it on April 7, 1897.          *Bill dismissed.*